Ms. Rebecca L. White 124 Windamere Drive Hot Springs, AR 71913
Dear Ms. White:
You have requested an Attorney General opinion, pursuant to A.C.A. §25-19-105(c)(3)(B), a provision of the Freedom of Information Act (FOIA), concerning the release of certain records.
You report that on August 17, 2000, you requested certain records from the office of Garland County Sheriff Larry Selig. In your request, you seek the following:
 Under the Freedom of Information Act of 1967 and all amendments, I am requesting to review the records of all disciplinary actions, reprimands, etc. for all members of the Garland County Sheriff's Dept. with the rank of sergeant and above. The requested records would include but not be limited to actions from member(s) to member(s), Internal Review Board to members. The information is requested for the entire period(s) of employment for each.
 Also under the FOIA, I am requesting to review any materials that a member of the Department is given or required to sign for when they are hired. This would include but not be limited to any rules, regulations, procedures, etc.
By correspondence dated August 18, 2000, Sheriff Selig denied your request for records relating to disciplinary actions, noting his belief that this information is exempt under the FOIA. He further advised that you have already been provided the policies and regulations given to new employees. I will proceed on the assumption that your request to me concerns only the disciplinary records.
RESPONSE
I am directed by law to issue my opinion as to whether the custodian's determination regarding the release of the requested records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B). In my opinion, if the custodian of records has simply denied your request without reviewing the records under the various standards of disclosure discussed below, the blanket denial offends the dictates of the FOIA. The Arkansas Supreme Court has recently upheld the right of an inmate to be heard on her claim that a blanket denial of access to certain public records violated the FOIA. See Orsini v. State, 340 Ark. 665, 13 S.W.3d 167 (2000). Assuming the custodian conducted the required review, the propriety of his decision to deny you access can only be tested by a finder of fact applying the standards discussed below.
As an initial matter, I must note that I have not been provided with copies of the records you have requested and do not know what particular records would be responsive to your request. I therefore cannot opine conclusively as to the disclosability of any particular record. Nevertheless, I can and will provide you with the legal standards to be applied in determining whether the records must be disclosed.
Generally, the documents you have requested constitute "public records" within the meaning of the FOIA. "Public records" are defined as:
 writings, recorded sounds, films, tapes, or data compilations in any form, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(1). Under the FOIA, "public records" must be disclosed unless they are exempt from disclosure either under an exemption set forth in the FOIA itself or under an exemption provided by some other law. A.C.A. § 25-19-105(a).
The records you have requested could constitute either "personnel records" or "employee evaluation/job performance records," both of which can be exempt from disclosure under certain circumstances. The custodian must classify the records properly in order to determine their disclosability. The classification of records is crucial because the standards for disclosing the different types of records differ.
Personnel Records
Under the FOIA, a custodian must release "personnel records" unless doing so would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(10). The FOIA does not define the term "personnel records." However, this office has consistently taken the position that "personnel records" are all records, other than employee evaluation/job performance records, that pertain to individual employees, former employees, or job applicants. See, e.g., Ark. Ops. Att'y Gen. No.2000-130, 99-147, citing Watkins, The Arkansas Freedom of InformationAct (m m Press, 3d ed. 1998), at 134.
If the documents you have requested are, in fact, "personnel records," the issue becomes whether their release would constitute a clearly unwarranted invasion of the personal privacy of the Sheriff's Department employees to whom the records pertain. The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase and adopted a balancing test to determine if it applies, weighing the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the personnel records must be disclosed.
Employee Evaluation/Job Performance Records
Neither the FOIA nor the courts have defined the phrase "employee evaluation or job performance record." However, this office has consistently taken the general position that records relating to an employee's performance or lack of performance on the job are properly classified as job performance records under the FOIA. See, e.g., Ark. Ops. Att'y Gen. Nos. 96-132; 91-324. Formal, written employee evaluations of course qualify. In addition, this office has previously opined that documents such as written reprimands and letters of caution, documents upon which a recommendation for dismissal was based, and letters related to promotions and demotions are "job performance records." See, e.g.,
Ops. Att'y Gen. Nos. 99-147; 93-105, 93-055, 92-231, 92-191, 91-324, and 91-303. It would appear that the disciplinary records you have requested fall under this designation.
Under the FOIA, "employee evaluation/job performance records" are releasable only if the following three conditions have been met:
 (1) there has been a final administrative resolution of any suspension or termination proceeding;
 (2) the records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) there is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
The first two of these inquiries involve straightforward questions of fact that can be readily answered. If they are answered in the affirmative and if a compelling public interest dictates disclosure, as discussed below, the custodian should release the requested records. Conversely, if there has been no finally resolved suspension or termination, records relating to "disciplinary actions" and "reprimands" remain confidential and nondisclosable.
The FOIA contains no definition of the phrase "compelling public interest." Clearly, whether or not a "compelling public interest" exists is also a question of fact to be determined on a case-by-case basis. According to Professor Watkins, "The nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest' question." Watkins, supra at 146. Watkins further points out: "The public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by public employees. . . . However, the mere fact that an employee has been suspended or terminated does not mean that the records should be made public; if that were the case, the `compelling public interest' phrase would be a redundancy." Id. at 145-46. With respect to the requisite degree of public concern, Watkins states: "A general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present." Id. at 147. However, the status of the employee — i.e., "his rank within the bureaucratic hierarchy" — may be a factor in determining whether a "compelling public interest" exists. Id. at 146-47 (noting that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.")
I should note that your request for "all disciplinary actions, reprimands, etc." is sufficiently broad that it might be classified as requesting both "employee evaluation/job performance records" and "personnel records," although the focus appears to be on the former. If your request is exclusively for documents relating to investigations into employee misconduct, the requested documents most likely constitute "employee evaluation/job performance records" rather than "personnel records." See Ops. Att'y Gen. Nos. 98-001; 96-342; 96-257. If these documents were not created as a part of an investigation, it is conceivable (depending upon their contents) that they could be classified as "personnel records."
Some of the records you have requested may be subject to other specific exemptions. For example, any medical records would be exempt from disclosure under A.C.A. § 25-19-105(b)(2). This office has consistently interpreted the term "medical records" to encompass "records containing information relating to the treatment or diagnosis of a medical condition." See, e.g., Ops. Att'y Gen. Nos. 99-110; 98-202; 89-147. The custodian should determine whether any of the records you have requested would constitute "medical records" according to this interpretation.
In accordance with the above, even if a document is not exempt from disclosure, the custodian should review its contents to determine whether it contains specific exempt information. If so, this information should be redacted from the records prior to their release. For example, if the records contain social security numbers, they should be redacted. See,e.g., Op. Att'y Gen. No. 99-011, citing 5 U.S.C. § 522a (the "Federal Privacy Act"). Similarly, unlisted telephone numbers should be redacted.See, e.g., Op. Att'y Gen. No. 99-054. Moreover, under certain specialized circumstances where the facts indicate that the employee in question has a heightened privacy interest, the home address and listed telephone number should be redacted. See Stilley v. McBride, 332 Ark. 306,965 S.W.2d 125 (1998); Op. Att'y Gen. No. 99-054.
Finally, some information not subject to a specific exemption may nevertheless be withheld from disclosure because it rises to a level worthy of constitutional protection. The Arkansas Supreme Court has recognized that the constitutional right of privacy can supersede the specific disclosure requirements of the FOIA, at least with regard to documents containing constitutionally protectable information. SeeMcCambridge v. City of Little Rock, 298 Ark. 219, 766 S.W.2d 909 (1989). The McCambridge court held that a constitutional privacy interest applies to matters that: (1) an individual wants to and has kept confidential; (2) can be kept confidential but for the challenged governmental action in disclosing the information; and (3) would be harmful or embarrassing to a reasonable person if disclosed. The court further held that if these attributes apply to the matters in question, the question becomes whether the governmental interest in disclosure under the Act (i.e., the public's legitimate interest in the matter) outweighs the individual's privacy interest in their nondisclosure. Any custodian must consider this potential constitutional issue before disclosing any document.
To summarize, I believe some of the records you have requested may be subject to disclosure under the FOIA. You mention, for instance, that the sheriff has previously released to the press documents relating to the suspension of an officer for improprieties committed in the course of a traffic stop. Disclosing this information may well have been dictated under the standards set forth above. Assuming other suspensions have occurred in the past, application of the above standards may likewise dictate a release of pertinent documents. Making this determination will entail conducting a factual inquiry I am unable and unauthorized to undertake. However, I can and will opine that if the custodian simply denied your request without considering the applicable standards discussed above, his blanket denial was not consistent with the FOIA.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP/JHD:cyh