Ms. Judy Besancon, Office Administrator Arkansas Department of Health and Human Services Post Office Box 1437, Slot S260 Little Rock, AR 72203-1437
Dear Ms. Besancon:
I am writing in response to your request, pursuant to A.C.A. §25-19-105(c)(3)(B), for an opinion on whether the decision of the Department of Health and Human Services (DHHS) to withhold documents related to the termination of a DHHS employee in response to a Freedom of Information Act ("FOIA") request is consistent with the provisions of that act. See A.C.A. §§25-19-101 through -109 (Repl. 2002 and Supp. 2005). You indicate that the decision was based upon the exemptions under the FOIA relating to "personnel records" and "employee evaluation or job performance records" (id. at — 105(b)(12) and (c)(1)), as well as the FOIA's so-called "catch-all" exemption that incorporates exemptions contained in "laws specifically enacted to provide otherwise." Id. at (a)(1)(A).
RESPONSE
Not having reviewed the actual records at issue, I cannot conclusively determine whether DHHS properly denied access to particular documents. I will, however, set forth what appears to be the generally applicable law guiding the decision.
The FOIA provides in relevant part that public records will be open to inspection and copying during the custodian's regular business hours "[e]xcept as otherwise specifically provided by [A.C.A. § 25-19-105] or by laws specifically enacted to provide otherwise." A.C.A. § 25-19-105(a)(1)(A) (Supp. 2005). You have identified the FOIA's specific exemption for "personnel records" and "employee evaluation or job performance records" as the basis, in part, for the denial of the requested documents in this instance. You have also stated that DHHS "made the decision [that] the disclosure of certain information in the personnel record of the former employee revealing documents surrounding her termination would . . . conflict with laws specifically enacted to provide otherwise." With regard, first, to evaluation and job performance records, I note that you have stated that "[t]he employee has 30 days to appeal the reasons for termination; therefore, all final administrative remedies have not been exhausted." If that is the case, it appears that one of the conditions for the release of employee evaluation or job performance records has not been met and that you have properly decided not to release any such records at this time. "Employee evaluation or job performance records" are releasable only if the following three conditions have been met:
 1. There has been a final administrative resolution of any suspension or termination proceeding;
 2. The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 3. There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1). Employee evaluation or job performance records cannot be released unless each prong of this test has been met.[1]
With regard to personnel records, such records are exempt only to the extent their disclosure would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. §25-19-105(b)(12) (Supp. 2005).[2] I have summarized the test for determining the release of personnel records under this exemption as follows:
 The FOIA . . . does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy." If there is little public interest in the information, the privacy interest will prevail if it is not insubstantial. Stilley v. McBride, 332 Ark. 306, 965 S.W.2d 125 (1998).
 The question of whether the release of any particular personnel record would constitute a clearly unwarranted invasion of personal privacy is always a question of fact. Ops. Att'y Gen. Nos. 2003-336; 2003-201; 2001-101; 98-001.
Op. Att'y. Gen. 2004-260 at 2.
With regard to the privacy side of the balancing test, the Arkansas Supreme Court has stated, relying on federal decisions, that there is a substantial privacy interest in records revealing the intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends. Stilley,supra, 332 Ark. at 311. With regard to the public interest side of the balancing test, the court in Stilley also discussed with approval an aspect of the balancing test used in Department ofDefense v. FLRA, 510 U.S. 487 (1994), which held that the Court's duty was to weigh the privacy interest of the employees at issue therein against the only relevant public interest in the FOI balancing analysis — the extent to which disclosure of the information sought would "shed light on an agency's performance of its statutory duties" or otherwise let citizens know "what their government is up to." Id. at 312, quoting FLRA at 497.
This test obviously must be applied on a case-by-case basis. Again, I do not possess and have not reviewed particular records in this instance, and I cannot make the necessary factual determination regarding the release of any relevant "personnel records." I can only set out what I believe is the relevant test in determining whether disclosure of any such records is warranted.
Finally, regarding the applicability of the FOIA's so-called "catch-all" exemption that incorporates exemptions contained in "laws specifically enacted to provide otherwise" (A.C.A. §25-19-105(a)(1)(A)), I must note that no specific law to this effect was cited in your correspondence and that I consequently lack sufficient information to determine whether an exemption stated in another law will prevent the release of particular records in this instance. Typically, however, the question in this respect is whether the expression of legislative intent under the other law or laws is sufficiently specific to exempt the records from general disclosure to the public under the FOIA.See, e.g., Op. Att'y Gen. 97-278 (discussing the Sex and Child Offender Registration Act of 1997). As I have previously observed, "the Arkansas Supreme Court has consistently upheld this requirement of specificity, and has further held that if legislative language purporting to create an exemption to the FOIA is less than clear, or is ambiguous, that language must be interpreted in a manner favoring disclosure." Op. Att'y Gen.2003-157, citing Orsini v. State, 340 Ark. 665, 13 S.W.3d 167
(2000); Arkansas DOH v. Westark Christian Action, 322 Ark. 440,910 S.W.2d 199 (1995); Troutt Bros. v. Emison, 311 Ark. 27,841 S.W.2d 604 (1992); Legislative Joint Auditing Comm. v. Woosley,291 Ark. 89, 722 S.W.2d 581 (1987). I cannot further elaborate upon this "catch-all" exemption without knowing the asserted legal basis for DHHS's denial of the FOIA request at issue.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] The FOIA does not define "employee evaluation or job performance records," nor has this phrase been construed judicially. This office has consistently taken the position that any records that were created by or at the behest of the employer and that detail the performance or lack of performance of the employee in question with regard to a specific incident or incidents are properly classified as employee evaluation or job performance records. See, e.g., Op. Att'y Gen. 2006-111 (and opinions cited therein). The record must also have been created for the purpose of evaluating an employee. See, e.g., Ops. Att'y Gen. Nos. 2006-038 and 2004-012. Documents received from third parties generally are not employee evaluation or job performance records, but might be classified as "personnel records." See, e.g., Ark. Op. Att'y Gen. Nos. 2006-038; 2006-035; 98-001; 96-342. According to opinions of this office, documents such as written reprimands and letters of caution, documents supporting a recommendation for suspension or dismissal, letters related to promotions and demotions, and records that were generated as part of an investigation of allegations of the misconduct and that detail incidents that gave rise to such allegations generally fall within the category of "employee evaluations or job performance records." See, e.g.,
Ark. Ops. Att'y Gen. 2006-035; 2003-078; 2001-203; 99-147; 93-105; 93-055; 92-231; 91-324. With regard to a letter notifying an employee of his or her suspension or termination, I recently stated in Op. Att'y Gen. 2006-026 that "[m]y predecessors have opined . . . and I agree, that a dismissal or termination letter that contains the reasons for the termination is an employee evaluation or job performance record for purposes of the FOIA.See, e.g., Op. Att'y Gen. 95-171 (relying on Ops. Att'y. Gen.92-191 and 88-97)." If, however, such a letter does no more than reflect the fact of termination, without elaboration, in my opinion it is properly classified as a "personnel record" under A.C.A. § 25-19-105(b)(12) and is subject to release under the test for release of that category of records. See e.g., Op. Att'y Gen. 2006-147.
[2] Although the FOIA does not define the term "personnel records," as used therein, this office has consistently taken the position that personnel records" are any records other than employee evaluation/job performance records (discussed at n. 1,supra) that relate to the individual employee. See, e.g., Op. Att'y Gen. 2004-178.