Mr. Jerry Hart c/o Stacey Witherell, Employee Services Manager Human Resources Department 500 West Markham, Suite 130 West Little Rock, AR 72201
Dear Mr. Hart:
I am writing in response to your request for an opinion regarding the application of the Arkansas Freedom of Information Act ("FOIA"), A.C.A. §§ 25-19-101 through-109 (Repl. 2002 and Supp. 2005). You have submitted your request pursuant to A.C.A. § 25-19-105(c)(3)(B), which authorizes the custodian, requester, or the subject of either "personnel records" or "employee evaluation or job performance records" to seek an opinion from the Attorney General as to whether the custodian's determination in response to an FOIA request covering such documents "is consistent" with the FOIA.
You have asked, in essence, whether the decision of the custodian of records for the Little Rock Police Department to release documents from your personnel file pursuant to a request lodged by the Arkansas Democrat-Gazette is consistent with the provisions of the Freedom of Information Act. Specifically, you note that the reporter has requested "any available information" from your personnel file. The custodian has determined that "this information meets the definition of a personal record and is releasable."
You seem particularly concerned about the release of this information as you are no longer employed by the City of Little Rock.
RESPONSE
My statutory duty under A.C.A. § 25-19-105(c)(3)(B) is to determine whether the decision of the custodian of records as to the release of "personnel records" or "employee evaluation or job performance records" is consistent with the FOIA. Having not been provided with the records in question, I am unable to opine conclusively as to the release of any particular documents. Initially, I must note that the records of former employees that are maintained by a public agency are subject to the FOIA. See, e.g., Op. Att'y Gen. 2006-182 (summarizing previous opinions concluding that the FOIA's "personnel records" provisions apply to former employees and stating that "the fact that the officer is no longer an employee of the City does not dictate non-disclosure of the records").
Generally, a "personnel file" will include documents that are "personnel records" as well as "employee evaluations or job performance records." See, e.g., Op. Att'y Gen. 2005-011. Different tests for the release of records apply to these two categories. The custodian should ensure the proper classification of each document within the personnel file in order to apply the proper test relating to each category of record. While I am unable to reach a definitive answer without copies of the records in question, I will set forth the applicable test that should be considered by the custodian of the records in these circumstances.
The custodian in this instance has apparently determined that all information responsive to the request for "any available information in [your] personnel file" constitutes a "personnel record" under the FOIA. The custodian has not made clear whether each document within your personnel file has been evaluated to determine whether it is a "personnel record" or other type of record under the FOIA. Nor has the custodian clearly stated that any appropriate redactions will be made on documents that are subject to disclosure. I will set out the description of each category of record and the applicable tests for release below.
Although the FOIA does not define the term "personnel records," as used therein, this office has consistently taken the position that "personnel records" are any records other than employee evaluation/job performance records that relate to the individual employee. Op. Att'y Gen. 2006-071.
Subject to the possible redaction of exempt information such as medical information, social security numbers, see, e.g., Ops. Att'y Gen. Nos. 2006-035; 2003-153; 93-300; and 91-003, or information identifying certain law enforcement officers currently working undercover, A.C.A. § 25-19-105(b)(10), personnel records must be released unless their disclosure would constitute a "clearly unwarranted invasion of [the employee's] personal privacy." A.C.A. § 25-19-105(b)(12). The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private.See Young v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy." The court in Young noted the following in this regard:
 The fact that section 25-19-105(b)(10) [now subsection 105(b)(12)] exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain `warranted' privacy invasions will be tolerated. Thus, section 25-19-105(b)(10) requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section 25-19-105(b)(10) allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interests and disclosure will be favored.
Young, 308 Ark. at 598.
If there is little public interest in information, however, the privacy interest will prevail if it is not insubstantial. See Stilley v.McBride, 332 Ark. 306, 965 S.W.2d 125 (1998). Additionally, given that exemptions from disclosure must be narrowly construed, see,e.g., Orsini v. State, 340 Ark. 665, 13 S.W.3d 167 (2000), it is the burden of an individual resisting disclosure to establish that his "privacy interests outweighed that of the public's under the circumstances presented." Stilley, supra, 332 Ark. at 313.
Because I have not been able to review any of specific documents alleged to be "personnel records," I cannot offer a definitive opinion as to their classification or release. My immediate predecessor listed a number of documents that were subject to release as well as a number of documents that were not subject to release under the above test of personnel records in Op. Att'y Gen. 2006-048. I have enclosed a copy for your convenience.
The correspondence attached from the custodian of records implies that the custodian has determined there are no "employee evaluation or job performance records" within your personnel file. As I have not been provided with copies of the documents in question, I am unable to offer a conclusive opinion on this matter. I will briefly include an overview of the applicable legal standard that should be applied to such records.
The FOIA does not define the term "employee evaluation or job performance records," nor has the phrase been construed judicially. This office has consistently taken the position that any records that were created by or at the behest of the employer and that detail the performance or lack of performance of the employee in question with regard to a specific incident or incidents are properly classified as employee evaluation or job performance records. See, e.g., Ops. Att'y Gen. 2006-038; 2006-035; 2005-030; 2004-211; 2003-073; 98-006; 97-222; 95-351; 94-306; and 93-055. The record must also have been created for the purpose of evaluating an employee. See, e.g., Op. Att'y Gen.2006-038; and 2004-012. The exemption promotes candor in a supervisor's evaluation of an employee's performance with a view toward correcting any deficiencies. See J. Watkins R. Peltz, The Arkansas Freedom ofInformation Act (mm Press, 4th ed. 2004) at 196.
According to opinions of this office, documents such as written reprimands and letters of caution, documents supporting a recommendation for suspension or dismissal, letters related to promotions and demotions, and records that were generated as part of an investigation of allegations of the misconduct and that detail incidents that gave rise to such allegations generally fall within the category of "employee evaluations or job performance records." See, e.g., Ops. Att'y Gen.2006-035; 2003-078; 2001-203; 99-147; 93-105; 93-055; 92-231;and 91-324. Documents received from third parties generally are not employee evaluation or job performance records, but might be classified as "personnel records." See, e.g., Op. Att'y Gen. 2006-038; 2006-035; 98-001; and 96-342.
"Employee evaluation or job performance records" are releasable only if the following three conditions have been met:
 1. There has been a final administrative resolution of any suspension or termination proceeding;
 2. The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 3. There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1). Employee evaluation or job performance records cannot be released unless each prong of this test has been met.
The FOIA at no point defines the phrase `compelling public interest' as used in the final prong of the test for disclosure set forth in A.C.A. § 25-19-105(c)(1). However, Professors Watkins and Peltz, referring to this office's opinions on this issue, offer the following guidelines:
 [I]t seems that the following factors should be considered in determining whether a compelling public interest is present: (1) the nature of the infraction that led to suspension or termination, with particular concern as to whether violations of the public trust or gross incompetence are involved; (2) the existence of a public controversy related to the agency and its employees; and (3) the employee's position within the agency. In short, a general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present. However, a link between a given public controversy, an agency associated with the controversy in a specific way, and an employee within the agency who commits a serious breach of public trust should be sufficient to satisfy the `compelling public interest' requirement.
Watkins and Peltz, supra at 207 (footnotes omitted). Professors Watkins and Peltz also note that "the status of the employee" or "his rank within the bureaucratic hierarchy" may be relevant in determining whether a "compelling public interest" exists. Id. at 206 (noting that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.") The existence of a "compelling public interest" in disclosure will necessarily depend upon all of the surrounding facts and circumstances.
In my opinion, the decision of the custodian of records in this instance may be consistent with the FOIA assuming that the custodian has evaluated each document within the personnel file according to the standards set forth above. As I have previously noted, I cannot offer a definite opinion on specific documents at issue because I was not provided with copies to evaluate in conjunction with this opinion request.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL
 Attorney General *Page 1