Mary Lee ORSINI *v.* STATE of Arkansas

98-1119                                                13 S.W.3d 167

Supreme Court of Arkansas
Opinion delivered March 23, 2000

*Appellant*, pro se.

*Winston Bryant*, Att'y Gen., by: *Annamary Dougherty*, Ass't Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. This case involves an allegation of a Freedom of Information Act (FOIA) violation by an inmate at the Women's Unit of the Arkansas Department of Correction. The inmate, appellant Mary Lee Orsini, contends that

the appellees who are officers of the Arkansas Department of Correction as well as the Department itself withheld information vital to her defense at a disciplinary proceeding. Orsini further contends that she was denied a hearing within seven days of her FOIA request, as required by Ark. Code Ann. § 25-19-107(b) (Repl. 1996). We agree that Orsini should have had her request heard by the trial court, and we reverse and remand for a hearing.

On April 11, 1997, Officer Bulah Hampton of the Department charged Orsini with two major disciplinaries — belligerence toward an officer and insolence. She stated in her report that she had beckoned Orsini to come to her, that Orsini had refused to come, that she then gave Orsini a direct order to come, and that Orsini answered that she did not have time for the officer's "drama." Orsini next slammed a door which, according to Officer Hampton, hurt her hand.[1]

Officer Felicia Brothers witnessed part of the incident and gave a witness statement on April 16, 1997, in which she indicated that Officer Hampton may have intentionally aggravated Orsini. She referred in her witness statement to "005's," which are additional incident reports made by her and which apparently were made at 10:00 a.m. and 3:00 p.m. on the day of the confrontation, according to Orsini's pleadings.

Orsini was disciplined as a result of Officer Hampton's charge and had two weeks of privileges revoked. Orsini then began her quest to obtain copies of Officer Brothers's 005 reports. She first made FOIA requests to Larry Norris, Director of the Department, and to Robert Clark, Internal Affairs/Disciplinary Administrator for the Department. On August 19, 1997, Administrator Clark denied her request and responded that the requested documents were in Orsini's "institutional jacket and available for [her] review, upon request to the unit records supervisor." Director Norris never replied. Orsini then made another request to L. Polk, the Records Supervisor. On September 8, 1997, Polk denied the request "due to disciplinaries, not a part of FOIA."

---

[1] It is not clear whether Officer Hampton charged Orsini with deliberately slamming the door. Her report reads: "My hand was on the door and the force with which the door was swung injured my hand. I do think this was a deliberate assault, just an infortunate [sic] accident. However, Inmate Orsini #2440 Belligerency/Blatant Display of Insolence wasn't."

This denial was followed by Orsini's appeal to Jefferson County Circuit Court on September 18, 1997. In her appeal, Orsini requested the Brothers 005 reports and other documents used to affirm her disciplinary. She also requested the circuit court to hear her petition within seven days. On October 8, 1997, the Department responded to the appeal to circuit court and stated that Orsini already had the requested documents. On November 4, 1997, and then again on June 18, 1998, Orsini moved the circuit court to set her FOIA request down for a hearing. On July 22, 1998, the circuit court dismissed the Orsini appeal for failure to state a claim. The circuit court's order of dismissal noted that "defendants have furnished plaintiff with the documents required...."

Orsini claims that she does not have the requested documents. She first contends that the circuit court violated the FOIA by failing to conduct a hearing on her request for public documents, as required by Ark. Code Ann. § 25-19-107(b) (Repl. 1996). Section 25-19-107(b) reads:

> (b) Upon written application of the person denied the rights provided for in this chapter, or any interested party, it shall be mandatory upon the circuit court having jurisdiction to fix and assess a day the petition is to be heard within seven (7) days of the date of the application of the petitioner, and to hear and determine the case.

Whether § 25-19-107(b) requires that a hearing be set within seven days of the FOIA request or actually conducted within that time frame is not important to our decision because the circuit court did neither. Clearly, however, this section of the FOIA sets a policy in favor of expeditious hearings on all FOIA requests.

In the case of *Furman v. Holloway*, 312 Ark. 378, 849 S.W.2d 520 (1993), this court concluded that an inmate's file met the definition of a "public record" under Ark. Code Ann. § 25-19-105(a) (Repl. 1996), because it was required to be kept by the director of the Department. *See* Ark. Code Ann. § 12-27-113(e) (Repl. 1999) and § 25-19-103(1) (Repl. 1996). Furthermore, there is no dispute that the Department is an agency of the state and that it denied Orsini's FOIA request. *See* Ark. Code Ann. § 25-19-107(a) (Repl. 1996). Thus, it would appear that Orsini was entitled to a hearing, and none was set or held by the circuit court.

The Department does not address this procedural lapse in its brief. Its sole argument is that Orsini was not entitled to the Brothers 005 reports under Department Regulation 804 and Department Administrative Directive 93–14. This, of course, was not the basis upon which the circuit court dismissed Orsini's appeal. The Department further contends that the regulation and directive were adopted pursuant to legislative authority, as set forth at Ark. Code Ann. § 12-27-113(e)(1) (Repl. 1999). Section 12-27-113(e)(1) reads:

> (1) To protect the integrity of those records [inmate files] and to insure their proper use, it shall be unlawful to permit inspection of or disclose information contained in those records or to copy or issue a copy of all or part of any record to any person so committed except as authorized by administrative regulation or by order of a court of competent jurisdiction. The regulations shall provide for adequate standards of security and confidentiality of records.

We turn first to Regulation 804. This regulation was approved by the Department's Board on February 17, 1994, and it is on file with the Arkansas Secretary of State. Regulation 804 reads in pertinent part:

> 1. An offender is entitled to inspect his or her offender record pursuant to the Arkansas Freedom of Information Act and subject to the following limitations:
>
> . . . .
>
> c. Documents of a sensitive or confidential nature and which would cause great harm to third persons if disclosed are exempt from disclosure;

Regulation 804 mentions Administrative Directive 93:14 as a "reference."

Administrative Directive 93-14 appears to be a policy statement issued by the Department and not a regulation adopted by the Board. It states in part under Section III, F:

> F. Exemptions by Inmate Record Organization:
>
> The following is a list of specific forms and/or documentation that may be contained within inmate records and are determined to be exempted from disclosure under the FOIA, other Arkansas codes,

and federal law. This serves only as a guide for inmate records while other exemptions may exist.

. . . .

## 2. Confidential Reporting of Incidents (005's)

■ ■ The distinction between a Board's regulation and an agency's directive is an important one. Regulations adopted pursuant to legislative authority are considered to be part of the substantive law of this state. *State v. Jones*, 338 Ark. 781, 3 S.W.3d 675 (1999). Formally adopted regulations are registered with the Arkansas Secretary of State and are open to public inspection. Ark. Code Ann. § 25-15-204(d)(2) (Repl. 1996). Administrative Directive 93-14, however, has not been adopted by the Board and is not registered with the Secretary of State. Thus, it is not a regulation establishing an exemption as contemplated by § 12-27-113(e)(1). The result is that Administrative Directive 93-14 does not provide an automatic exemption from the FOIA for all 005 reports.

■ ■ The remaining question then is whether Regulation 804 establishes an exemption for the documents requested. Our law with respect to FOIA exemptions has been often stated:

> We liberally construe the FOIA to accomplish its broad and laudable purpose that public business be performed in an open and public manner. *Sebastian County Chap. of the Am. Red Cross v. Weatherford*, 311 Ark. 656, 846 S.W.2d 641 (1993); *Bryant v. Mars*, 309 Ark. 480, 830 S.W.2d 869 (1992). In conjunction with this rule of construction, we narrowly construe exceptions to the FOIA to counterbalance the self-protective instincts of the government bureaucracy. *Byrne v. Eagle*, 319 Ark. 587, 892 S.W.2d 487 (1995); *McCambridge v. City of Little Rock*, 298 Ark. 219, 766 S.W.2d 909 (1989). A statutory provision for nondisclosure must be specific. Ark. Code Ann. § 25-19-105(a) (Supp. 1993); *Troutt Bros. v. Emison*, 311 Ark. 27, 841 S.W.2d 604 (1992). Less than clear or ambiguous exemptions will be interpreted in a manner favoring disclosure. *Troutt Bros. v. Emison, supra; Young v. Rice*, 308 Ark. 593, 826 S.W.2d 252 (1992).

*Arkansas Dept. of Health v. Westark Christian Action Council*, 322 Ark. 440, 443, 910 S.W.2d 199, 201 (1995). The burden of proving exemptions to the FOIA rests with the keeper of the requested

records claiming the exemption. *Young v. Rice*, 308 Ark. 593, 826 S.W.2d 252 (1992).

■ Regulation 804 allows inmates to inspect their files subject to certain procedures and so long as the documents are not "of a sensitive or confidential nature which would cause great harm to third persons if disclosed." This regulation provides an exemption to the FOIA. The circuit court, though, disallowed Orsini's appeal because it believed that she already had the information requested. According to the State's brief on appeal, this apparently is not the case. Rather, as already noted, the State contends that the 005 reports were denied because they contained confidential and sensitive information and Administrative Directive 93-14 provided for a specific FOIA exemption.

■ We hold that a hearing is required under § 25-19-107(b) for the circuit court to determine whether the requested Brothers 005 reports as well as any of the other documents used to affirm the Orsini disciplinary qualify for exemption as sensitive or confidential information under Regulation 804. Such a determination on an exemption may be made by the court *in camera*. *See Gannett River States Publ'g v. Ark. Indus. Dev. Comm'n*, 303 Ark. 684, 799 S.W.2d 543 (1990).

Reversed and remanded.