The Honorable Belinda LaForce Mayor, City of Searcy 401 West Arch Avenue Searcy, AR 72143-5202
Dear Mayor LaForce:
You have requested my opinion regarding application of the Arkansas Freedom of Information Act ("FOIA"), A.C.A. §§ 25-19-101 to -109 (Repl. 2002 and Supp. 2005). You have submitted your request pursuant to A.C.A. § 25-19-105(c)(3)(B), which authorizes the custodian, requester, or subject of personnel or evaluation records to seek an opinion from the Attorney General as to whether the custodian's determination regarding the release of the requested records is consistent with the FOIA.
You state that the City of Searcy has received a request from The Daily Citizen, a newspaper in White County, for personnel files of five (5) Searcy police officers. You state that "[b]ecause the records requested are personnel records which contain private information in which the employee holds a valid privacy interest, the City of Searcy requests an opinion addressing the following questions:"
 1) Whether this request poses an unwarranted invasion of personal privacy because it makes no showing of a valid public interest in disclosure of these personnel files;
 2) Whether the file maintained by the city as the "police file" is subject to release as a personnel file;
 3) In the event the city is required by FOIA to disclose its employees' personnel files, has the city fairly and accurately redacted the information so that it is disclosing only that content required to be disclosed and, therefore, not in violation of the employee's privacy rights . . . and
 4) In the event the city is required by FOIA to disclose its employees' "police" files, has the city fairly and accurately redacted the information so that it is disclosing only that content required to be disclosed and, therefore, not in violation of the employee's privacy rights[?]
You have provided complete copies of all of the employees' "personnel files" and "police files" for my review and have enclosed separate copies with proposed redactions and omissions for each (comprising three volumes and several hundred pages).
RESPONSE
I must note that you have not indicated what your decision is concerning the release of the requested records. I am directed by law to evaluate the determination that is made by the custodian of the records concerning the release of requested records. A.C.A. § 25-19-105(c)(3)(B). My statutory duty under A.C.A. § 25-19-105(c)(3)(B) is to state whether the custodian's decision is consistent with the FOIA. As a consequence, I am not authorized or required to answer specific questions posed by custodians. I am not authorized to advise the custodian in making his or her decision. Such advice should be obtained from the city attorney.
Nevertheless, because you have expressed a concern about violating the privacy interests of these city employees, I will respond to your questions to the extent necessary to set forth the principles that should govern a decision concerning the release of the requested records. To summarize my conclusion with regard to release of these files, as I have previously concluded, "a number of documents contained in personnel files are typically releasable . . . with appropriate redactions." Op. Att'y. Gen. 2004-058. See also, Op. Att'y. Gen. 2005-011.
As an initial matter, an FOIA requester is not required to "make [a] . . . showing of a valid public interest in disclosure" as you suggest in your first question. The public policy behind the FOIA indicates that public records are presumed to be open. See Young v. Rice, 308 Ark. 593,596, 826 S.W.2d 252 (1992) ("[u]nder our FOIA, records kept in the scope of public employment are presumed to be public records"). The records are to be closed only if they fit within one of the specific exemptions. Id.See also, Ops. Att'y. Gen 1997-071 and 1991-390. It is clear with regard to the exemptions for personnel and evaluation records that "the keeper of the requested records has the burden of proving the records are exempt from disclosure." Young v. Rice, 308 Ark. 593, 596, 826 S.W.2d 252
(1992). See also, Orsini v. State, 340 Ark. 665, 670, 13 S.W.3d 167
(2000) ("[t]he burden of proving exemptions to the FOIA rests with the keeper of the requested records claiming the exemption").
With regard to the distinction you make between the "personnel files" and the "police files" of the officers in question, I will repeat my conclusion in Op. Att'y. Gen. 2003-316 as follows:
 It should be noted that the fact that a record is not maintained in an employee's personnel file does not preclude a conclusion that it constitutes a personnel record or an employee evaluation/job performance record. This office has consistently opined that the location of documents is not determinative of how a document should be classified, and the location of documents should be irrelevant when considering the application of particular exemptions under the FOIA. See, e.g., Ops. Att'y Gen. Nos. 2000-225; 1998-127; 1992-237 at n. 2; 91-123; 91-100.
Id. at 3.
You state that the newspaper has made "an oral request for the personnelfiles" of the various officers. (Emphasis added). The only possible relevance of a distinction between any records contained in the "personnel files" and the records contained in the "police files" would be for purposes of determining whether the records in the police files have in fact been requested by the newspaper. Because the request was an oral one, I am not in a position to make any determination with regard to this issue. In any event, that matter may presumably be quickly determined by further communication with the requester.
The FOIA provides an exemption for "personnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12) (Supp. 2005). "Employee evaluation or job performance records," on the other hand, are releasable only upon final administrative resolution of a suspension or termination proceeding, where the records formed a basis for the suspension or termination, and there is a compelling public interest in disclosure. A.C.A. § 25-19-105(c)(1) (Supp. 2005).
With regard to any appropriate redactions or omissions in the area of personnel records, I have previously stated that:
 A number of documents contained in personnel files are typically releasable under this standard, with appropriate redactions. Over the years, the Attorney General's Office has issued numerous opinions discussing the public nature of various types of documents contained in personnel files. Recent opinions on this topic are posted on our official website (www.ag.state.ar.us) and may assist the Department and its counsel in making determinations as to particular records. The fact that the employee considers the "items in his personnel file to be of no public interest and mostly personal in nature" is irrelevant to the Department's decision with regard to release of the records. See, e.g., Ops. Att'y Gen. 2004-258; 2001-112; 2001-022; 1994-198; 1994-178; and 1993-055.
Opinion 2005-011 at 3-4.
In the area of employee evaluations or job performance records, the records may not be released absent a suspension or termination and fulfillment of all the remaining factors.
Finally, I will note that the redacted copies of records you include do not appear to comply with A.C.A. § 25-19-105(f)(3) (Supp. 2005), which requires that the "amount of information deleted shall be indicated on the released portion of the record and, if technically feasible, at the place in the record where the deletion was made." The redactions you have made, for the most part, leave blank spaces on various forms and records. There is no black-lining or other obvious indication as to where information has been redacted. The information to be redacted has simply been shielded temporarily and then copied over. It will not always be possible for the requester to tell from these redactions where redactions were made, or whether in fact particular blank spaces also were left blank in the complete un-redacted record. Any redactions, if technically feasible, should be "indicated" on the released portion of the record. A.C.A. § 25-19-105(f)(3). In my opinion, if possible, this requirement must accommodate the requester's right to know if and where information was redacted.
Turning now to the records in question, you have made a number of required redactions to comply with the FOIA and the exemptions thereto. Although in large measure, the redactions are consistent with the FOIA, I have identified a few items that you have redacted that in my opinion should not be redacted and a few items that you have not redacted that should in my opinion be redacted. Specifically, I will list below a few items where I deem your proposed redactions (or lack thereof), inconsistent with the FOIA:
1st Officer
 Police File
 Items that should not be redacted
 • Reference to political candidacy on a biographical questionnaire. In my opinion this reference is contained in a "personnel record" and its release would not give rise to a "clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105 (b)(12) (Supp. 2005).
 • October 1, 2003 letter from federal government. This document appears to be a personnel record the release of which would not in my opinion give rise to a clearly unwarranted invasion of personal privacy. Id.
Prudence may dictate consultation with the federal agency to determine whether any federal law requires its confidentiality, however.
 Additional items that should be redacted
 • Photocopy of citizen driver's license. See Op. Att'y. Gen. 2005-202, (citing the federal "Drivers' Privacy Protection Act").
 • Home address on duplicate oath. See A.C.A. § 25-19-105(b) (13) (Supp. 2005).
 • One un-redacted training score on "internal audit report." See Ops. Att'y. 2005-113 and 2004-178.
 • Any reference to the identities of officers "currently" working undercover. See A.C.A. § 25-19-105 (10)(A) (Supp. 2005). I cannot tell whether this exemption applies to the references in question.
 Documents that should not be withheld entirely
 • Verification of address. This document should be redacted in my opinion, rather than withheld entirely.
 2nd Officer
 Personnel file
 Items that should not be redacted
 • Race or ethnic group on initial employment report. See Op. Att'y. Gen. 2005-1001 and 2004-256.
 Additional items that should be redacted
 • Scores on Department of Health letter (dated January 3, 1986). See
Ops. Att'y. 2005-113 and 2004-178.
 Documents that should not be withheld entirely
 • Personal history statement. See Op. Att'y. Gen. 2001-080. This document should be released with appropriate redactions.
 • December 5, 1982 letter regarding completion of background investigation. Cf. Op. Att'y Gen. 2001-080.
 3rd Officer
 Police file
 Additional items that should be redacted
 • One un-redacted training score on "Internal Audit Report." See Ops. Att'y. 2005-113 and 2004-178.
 Documents that should not be withheld entirely
 • Job application documents. See e.g., Op. Att'y. Gen. 2005-004 (exempt information should be redacted).
 • Resume See e.g., Op. Atty. Gen. 2001-091 (exempt information should be redacted).
 • Handwritten supervisor note of 5-5-92 (appears to be a disclosable personnel record). See A.C.A. § 25-19-105(b)(12).
 • Document evidencing completion of psychological examination. See Op. Att'y. Gen. 2001-080.
 • Personal history statement. See Op. Att'y. Gen. 2001-080. This document should be released with appropriate redactions.
 • Initial employment report. Cf. Op. Att'y. Gen. 2001-080. This document should be released with appropriate redactions.
 4th Officer
 Police file
 Items that should not be redacted
 • Ethnic group on Initial Employment Report. See e.g., Ops. Att'y Gen. 2005-100 and 2004-256.
 Additional items that should be redacted
 • Home address on "Personal Information Data" form. See A.C.A. § 25-19-105(b)(13) (Supp. 2005).
 • Scores on September 9, 1985 training letter. See Ops. Att'y. 2005-113 and 2004-178.
 • Social security number on September 4, 1985 letter from Commission on Law Enforcement.
 • Several separate references to driver's license numbers of citizens. See Op. Att'y. Gen. 2005-202 (citing the federal "Drivers' Privacy Protection Act").
 • Any reference to the identities of officers "currently" working undercover. See A.C.A. § 25-19-105(10)(A) (Supp. 2005). I cannot tell whether this exemption applies to the references in question.
 Documents that should not be withheld entirely
 • September 10, 1985 letter regarding completion of background investigation. Cf. Op. Att'y Gen. 2001-080.
 • Document evidencing completion of psychological examination. See Op. Att'y. Gen. 2001-080.
 • Personal history statement. See Op. Att'y. Gen. 2001-080. This document should be released with appropriate redactions.
 Personnel File
 Additional items that should be redacted
 • Un-redacted home address on Verification of Address form. See A.C.A. § 25-19-105(b)(13) (Supp. 2005).
 Documents that should not be withheld entirely
 • Confidential employee history. Cf. Op. Att'y Gen. 2001-080. This document should be released with appropriate redactions.
 Documents that should be withheld
• Three consecutive documents regarding certain payroll deductions.
5th Officer
 Police File
 Items that should not be redacted
 • Race or ethnic group on Application for Police Training. See Op. Att'y. Gen. 2005-100 and 2004-256.
 Documents that should not be withheld entirely
 • Letter of recommendation dated April 23, 1984. See Op. Att'y. Gen. 2003-016.
 • Authorization to Release Information Form (dated April 6, 1984). In my opinion this form is a personnel record the release of which would not give rise to a "clearly unwarranted invasion of personal privacy."
 • Personal history statement. See Op. Att'y. Gen. 2001-080. This document should be released with appropriate redactions.
 • Form letter seeking references. In my opinion this form letter is a personnel record the release of which would not give rise to a "clearly unwarranted invasion of personal privacy."
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh