Mr. Tony R. Minicozzi, Jr., Director State of Arkansas Bureau of Legislative Research State Capitol, Room 315 Little Rock, AR 72201
Dear Mr. Minicozzi:
I am writing in response to your request, made pursuant to A.C.A. § 25-19-105(c)(3)(B), for an opinion on whether your decision to deny a request for copies of records is consistent with the provisions of the Arkansas Freedom of Information Act ("FOIA"), codified at A.C.A. §§ 25-19-101 to -109 (Repl. 2002 and Supp. 2005). You have attached a copy of the specific request letter, which seeks release of a former employee's personnel file, certain correspondence, and records regarding payments made by the Bureau of Legislative Research to the former employee and other employees or former employees. You have also provided copies of the records that are responsive to the request, which you have identified as personnel records. My statutory duty under subsection § 25-19-105(c)(3)(B) is to determine whether the decision of the custodian of records as to the release of personnel or evaluation records is consistent with the FOIA.
RESPONSE
I agree with your initial decision that the records at issue are personnel records. In my opinion, however, your blanket denial of access to all of the requested records is inconsistent with the FOIA. A number of the records contain items of information that must be redacted, as noted below. But in my view, only a few of the records are exempt from disclosure in their entirety. Your refusal to provide any of the records based upon the personnel records exemption is therefore contrary to the FOIA, in my opinion.
Although the FOIA does not define the term "personnel records," as used therein, this office has consistently taken the position that "personnel records" are any records other than "employee evaluation or job performance records" (A.C.A. § 25-19-105(c)(1) (Supp. 2005)) that relate to the individual employee. See,e.g., Op. Att'y Gen. 2005-011.[1] Having reviewed the records you have collected in response to the FOIA request in this instance, I find that each is a personnel record as contemplated by the act.
Under the relevant statute, A.C.A. § 25-19-105(b)(12) (Supp. 2005), "personnel records" are open to public inspection and copying, except to the extent that disclosure would constitute "a clearly unwarranted invasion of personal privacy." The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice, 308 Ark. 593,826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy." The court in Young noted the following in this regard:
 The fact that section 25-19-105(b)(10) [now subsection 105(b)(12)] exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain `warranted' privacy invasions will be tolerated. Thus, section 25-19-105(b)(10) requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section 25-19-105(b)(10) allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interests and disclosure will be favored.
308 Ark. 593.
If there is little public interest in information, however, the privacy interest will prevail if it is not insubstantial. SeeStilley v. McBride, 332 Ark. 306, 965 S.W.2d 125 (1998). Additionally, given that exemptions from disclosure must be narrowly construed, (see, e.g., Orsini v. State, 340 Ark. 665,13 S.W.3d 167 (2000), it is the burden of an individual resisting disclosure to establish that his "privacy interests outweighed that of the public's under the circumstances presented."Stilley, supra, 332 Ark. at 313.
Applying these precepts, and having reviewed the records at issue, I find it relevant to note that this office has previously opined that the public interest prevails with respect to such information as:
 • public employees' names, dates of hire, job titles and salaries (see, e.g., Op. Att'y Gen. 2004-225
and opinions cited therein);
• amounts paid for accrued leave (Op. 1997-063);
 • education backgrounds, including schools attended and degrees received (Op. 2003-060);
• work histories (Op. 2005-004, citing Op. 1995-113);
• work e-mail addresses (Op. 2004-225);
 • listed telephone numbers, assuming there is no heightened privacy interest (Op. 2003-027);
 • attendance and leave records (Op. Nos. 2005-194; 2003-153; 1997-063);
 • payroll forms documenting leaves of absence (Op. 2003-153);
 • documents related to any compensation a former employee receives in addition to their regular paycheck (Op. 1995-242);
 • contracts or agreements related to an employee's separation from employment (Op. Nos. 1997-063 and 1988-078);
 • internal affairs notification documents (Op. 2005-153);
• notice of personnel action (Op. 2000-267);
• job applications (Op. 2005-004);
 • resumes, including references (Op. Nos. 2001-368 and 2001-091); and
• letters of recommendation (Op. 2003-381).
On the other hand, this office has concluded that the public generally has little interest in the personal details of the following information:
 • insurance coverage (see, e.g., Op. Att'y Gen. 2004-167);
 • tax information or withholding (Nos. 2005-194 and 2003-385);
 • payroll deductions (Op. 98-126 and opinions cited therein);
• banking information (Op. 2005-194);
 • marital status of employees and information about dependents (Op. 2001-080).
• personal e-mail addresses (Op. 2004-225);
• unlisted telephone numbers (2005-114);
 • social security numbers (Op. Nos. 2005-004 and 1995-115); and
• date of birth (Op. 2005-160).
Of additional relevance in this instance, the FOIA specifically exempts the following:
 • state income tax records (A.C.A. § 25-19-105(b)(1) (Supp. 2005));
 • home addresses of non-elected state employees (A.C.A. § 25-19-105(b)(13).
The act also contains a "catch-all" exemption that incorporates all exemptions contained in "laws specifically enacted to provide otherwise." Id. at (a)(1)(A) (Supp. 2005). This office has opined that this exemption covers:
 • photocopies of driver's licenses (see Op. 2005-194 discussing the federal "Drivers' Privacy Protection Act"); and
 • photocopies of social security cards (see 42 U.S.C. § 405(c)(2)(C)(viii)(I) making confidential" social security account numbers and related records").
Turning again to the specific records at issue, it is my opinion as indicated above that these documents are not exempt in toto.
To the contrary, most are subject to release, with some required deletions. Only a few of the documents fall into the category of those that must be withheld entirely. It is my opinion that the following documents fall into this latter category:
• tax records;
• insurance enrollment records;
• banking forms;
• driver's license records; and
• social security card records.
The remaining records must, in my opinion, be released with information redacted in accordance with the above guidelines. It will therefore be necessary for you to review and evaluate each record, guided by this opinion in making the required redactions and withholding the appropriate records.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] The FOIA does not define the term "employee evaluation or job performance record," nor has the phrase been construed judicially. This office has consistently taken the position that any records that were created at the behest of the employer and that detail the performance or lack of performance of the employee in question with regard to a specific incident or incidents are properly classified as employee evaluation or job performance records. See, e.g., Op. Att'y Gen. 2005-032 (and opinions cited therein). The record must also have been created for the purpose of evaluating an employee. See, e.g., Op. Att'y Gen. 2004-012.