The Honorable Olan W. Reeves, Chairman Workers' Compensation Commission 324 Spring Street Post Office Box 950 Little Rock, AR 72203-0950
Dear Mr. Reeves:
I am writing in response to your request for an opinion on the following:
This is to request an official Attorney General opinion seeking a definition of the term "medical record" pursuant to [The Arkansas Freedom of Information Act, A.C.A. §§ 24-19-101 through -109 (Repl. 2002 Supp. 2005)]. Specifically is information contained on an official Workers' Compensation form filed by an injured worker or an insurance carrier a medical record exempt from disclosure under the FOIA?
The forms contain information supplied by the injured worker or insurance carrier relative to an on the job injury. Information contained on these forms includes items such as, employee's name, address, nature of the injury, and/or the employer's name and address, the carrier's name and address and other personal information.
Our question is, even though this information concerning the nature of the injury is not supplied by medical personnel, could it nonetheless be classified as a medical record pursuant to the FOIA? The information you [sic] requested by Mr. White asks for names and diagnoses or medical conditions which may violate the employee's medical privacy.
Documentation provided in connection with your request shows that your question arises in light of a Freedom of Information Act request for a listing of all hernia injuries reported to the Arkansas Workers Compensation Commission including the name, address, and phone number of each claimant; the name, address, and phone number of each employer; the name address and phone number of each compensation insurance carrier; the date of each injury; the attorney of record for each claimant and the attorney of record for each respondent; and the Arkansas Workers' Compensation Claim number for each injury.
Additionally, you have provided copies of Form 1, Form 2, and Form C of the Arkansas Workers' Compensation Commission.
RESPONSE
Your question is whether information contained on particular forms used in your office is within the contours of the medical records exemption to the Arkansas Freedom of Information Act ("FOIA"), and therefore exempt from disclosure under that act. The forms contain blank spaces requesting information about the type of injury and the location of the injury. In my opinion, the information contained in Arkansas Workers' Compensation Commission ("AWCC") forms is not a "medical record" for the purposes of a FOIA analysis because supplying the information on the records does not sufficiently relate to the diagnosis and treatment of a medical condition. The mere fact that a record contains some medical information will not necessarily bring it within this exemption. See Op. Att'y Gen. 96-203. This fact, however, does not obviate the need for a record-by-record review by the custodian to otherwise comply with the provisions of A.C.A. § 25-19-105 (Supp. 2005) or other law.
To address the specific question you have posed, a custodian of records must determine whether a particular record falls within the "medical records" exemption to the FOIA. The FOIA does not define the term "medical records" and the Arkansas courts have not had occasion to interpret the term. This office has previously opined that the term "medical records" in the context of the FOIA "encompasses records which have a relationship to the diagnosis or treatment of a medical condition." Op. Att'y Gen. 96-203 (citations omitted). This office has specifically opined that certain records maintained by the Workers' Compensation Commission and within Workers' Compensation files would likely be considered medical records. Specifically, one of my predecessors opined that medical reports and hospital records maintained by the Public Employees Claims Division were likely exempt from disclosure under the exception for "medical records." Op. Att'y Gen.91-374; see also Op. Att'y Gen. 95-262. You have asked about standard forms submitted to the AWCC and not medical reports and hospital records maintained in AWCC files.
To more fully understand what records "relat[e] to the diagnosis and treatment of a medical condition," this office has also previously noted that documents prepared by medical personnel for the purpose of diagnosing or actively treating an individual are clearly medical records. Op. Att'y Gen. 96-203. When interpreting the FOIA, the Act is construed liberally, in favor of disclosure, and all exemptions that would thwart disclosure must be interpreted narrowly. See, e.g., Orsini v. State, 340 Ark. 665, 670, 13 S.W.3d 167 (2000). Because a narrow interpretation must be given to all exemptions to the FOIA, in my opinion the "medical records" exemption requires more than mere inclusion on a document of some medical information such as the nature of an injury, but rather requires a relationship to the diagnosis or treatment, such as being prepared for the purpose of diagnosing or treating a medical condition. See, e.g., Op. Att'y Gen. 96-203
(specifically noting that a record containing medical information is not necessarily a "medical record" exempt from disclosure under the FOIA but that records prepared by medical personnel primarily for the purpose of diagnosis or treatment are "medical records" exempt from disclosure); and Op. Att'y Gen. 2005-245 (noting that records "containing information relating to the treatment or diagnosis of a medical condition" are "medical records" exempt from disclosure); see also Howard v. Des Moines Register Tribune Co., 283 N.W.2d 289, 300 (Iowa, 1979) (plurality opinion) (stating that the exemption in the Iowa Freedom of Information Act for "hospital records" and "medical records" of a "patient or former patient, including outpatient," did not apply to "county home" records in possession of the Governor's Office because the documents, which addressed the involuntary sterilization of the plaintiff, were neither compiled for diagnosis or treatment purposes by hospital or medical personnel nor maintained as records of a hospital or physician), cert. denied 445 U.S. 904 (1980); Bond v. Messerman, 162 Md. App. 93, 120,873 A.2d 417 (2005) aff'd on other grounds 391 Md. 706, 895 A.2d 990 (2006) (noting that "medical records" for the purposes of the Maryland medical record privacy act encompasses records that relate to any care, treatment, or procedure made to diagnosis, evaluate, rehabilitate, manage, treat, or maintain a patient including the mental health records involved in the Messerman case); and State ex rel. Strothers v. Wertheim, 80 Ohio St.3d 155, 158, 684 N.E.2d 1239 (1997) (plurality opinion) (reiterating that under the Ohio Public Records Act, "medical records" must both pertain to a medical history, diagnosis, or condition and be generated and maintained in the process of medical treatments and concluding that records regarding allegations of abuse by staff members of County Juvenile Detention Facility were not medical records.). In my opinion the information concerning the type of injury and the body part affected on the AWCC forms, therefore, would not be considered medical records exempt from disclosure under the FOIA.[1]
In response to your questions, the AWCC forms on which an individual or insurance company reports a disability or injury do not contain medical records within the meaning of the FOIA in my opinion. But see fn. 1, supra (noting the possible application of the constitutional right to privacy).
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] Additionally, the custodian of the records will be required to determine whether any of the records would violate the constitutional right to privacy. See Op. Att'y Gen. 2006-158. The constitutional right to privacy is implicated when information that 1) an individual wants to and has kept confidential; 2) can be kept confidential but for the challenged governmental action in disclosing the information; and 3) would be harmful or embarrassing to a reasonable person if disclosed. Id. This is a factually specific determination that must be made on a case-by-case basis in the first instance by the custodian of the records. Id. *Page 1