Ms. Jane Stanford Human Resources Director City of Osceola 303 West Hale Avenue Post Office Box 443 Osceola, Arkansas 72370
Dear Ms. Stanford:
I am writing in response to your request, made pursuant to A.C.A. § 25-19-105(c)(3)(B), for an opinion on whether your decision to withhold a document from the personnel file of a police officer in response to a request made under the Arkansas Freedom of Information Act ("FOIA"), is consistent with that law. See A.C.A. § 25-19-101 — 109 (Repl. 2002 and Supp. 2007). Correspondence enclosed with your request indicates that an attorney has requested the personnel files of three police officers employed by the Osceola Police Department. You seek my opinion on only one document responsive to this request. You state that you have decided to withhold the document in question on the grounds that it contains information falling under the exemption in the FOIA for "medical records." You seek my opinion on whether your decision to withhold this document is consistent with the FOIA.
RESPONSE
In my opinion your decision is not consistent with the FOIA. The record in question is properly classified, in my opinion, as an "employee evaluation or job performance record" for purposes of the FOIA. It appears to meet the test for release of such records. The information you mention contained in this record *Page 2 
does not in my opinion meet the definition of a "medical record," and does not, in my opinion, compel non-disclosure of the document.
The FOIA provides for the disclosure upon request of certain "public records," which the Arkansas Code defines as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A) (Supp. 2005). Given that the subject of the record is a city employee, I believe the document clearly qualifies as a "public record" under this definition. As one of my predecessors noted in Op. Att'y Gen. No. 1999-305, "If records fit within the definition of `public records' . . . they are open to public inspection and copying under the FOIA except to the extent they are covered by a specific exemption in that Act or some other pertinent law." Id. at 2.
A "personnel file" of a public employee will typically include "personnel records" as well as "employee evaluations or job performance records" for purposes of the FOIA. See, e.g., Op. Att'y Gen. 2005-011. You have asked my opinion concerning only one document in the personnel file of one of the officers in question. It is my opinion that this document is a "employee evaluation or job performance record" for purposes of the FOIA.
With regard to "employee evaluation or job performance records," the FOIA does not define this term, nor has the phrase been construed by the Arkansas Supreme Court. This office has consistently taken the position that any records that were created by or at the behest of the employer and that detail the performance or lack of performance of the employee in question with regard to a specific incident or incidents are properly classified as employee evaluation or job performance records. See,e.g., Ops. Att'y Gen. 2006-038; 2006-035; 2005-030; 2004-211; *Page 3 
2003-073; 98-006; 97-222; 95-351; 94-306; and 93-055. The record must also have been created for the purpose of evaluating an employee.See, e.g., Op. Att'y Gen. 2006-038; and 2004-012. The exemption promotes candor in a supervisor's evaluation of an employee's performance with a view toward correcting any deficiencies. See J. Watkins R. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT (m m Press, 4th ed. 2004) at 196. The document in question falls within this description.
"Employee evaluation or job performance records" are releasable only if the following three conditions have been met:
 1. There has been a final administrative resolution of any suspension or termination proceeding;
 2. The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 3. There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1). Employee evaluation or job performance records cannot be released unless each prong of this test has been met. It appears that each prong of the test has been met in this instance, rendering the record subject to release under the above test.
You have presumably also concluded that the document is subject to release under the test for "employee evaluation or job performance records." Your concern arises from a separate exemption in the FOIA, A.C.A. § 25-19-105(b)(2) (Supp. 2007), which exempts "medical records." You have determined that certain information contained in the record is a "medical record" and thus requires you to withhold the document from inspection and copying. In my opinion this decision is inconsistent with the FOIA.
The FOIA does not define the term "medical records" and the Arkansas Supreme Court has not had occasion to interpret the term. This office has previously opined that the term "medical records" in the context of the FOIA "encompasses records which have a relationship to the diagnosis or treatment of a medical condition." *Page 4 
Op. Att'y Gen. 96-203. Documents prepared by medical personnel for the purpose of diagnosing or treating an individual are clearly medical records. See Op. Att'y Gen. 96-203. With respect to other medically-related records, the issue is not as clear. In my opinion, however, the "medical records" exemption requires more than mere inclusion on a document of some medically-related information.
As I noted in Op. Att'y Gen. 2007-026, the FOIA is construed liberally, in favor of disclosure, and all exemptions that would thwart disclosure must be interpreted narrowly. See, e.g., Orsini v.State, 340 Ark. 665, 670, 13 S.W.3d 167 (2000). Because a narrow interpretation must be given to all exemptions to the FOIA, in my opinion the "medical records" exemption requires more than mere inclusion on a document of some medically-connected information. The exemption in my opinion requires a relationship to diagnosis or treatment of a medical condition. See, e.g., Arkansas DOH v. WestarkChristian Action, 322 Ark. 440, 910 S.W.2d 199 (1995) (Kearney, Special J., concurring, looking to the definition of "medical records" in Arkansas Rules of Evidence 503(a)(5), defined as "any writing, document, or electronically stored information pertaining to, or, created as a result of, treatment, diagnosis or examination of a patient"). See,also, e.g., Op. Att'y Gen. 2007-026 (Workers' Compensation Commission documents containing type of injury and body part affected are not "medical records" for purposes of the FOIA); 2001-100 (autopsy records do not qualify as "medical records" for purposes of the 25-19-105(b)(2) "medical records" exemption); Op. Att'y Gen. 1991-208 (hospital billing statements that contain medical information are not "medical records" for purposes of the FOIA, but constitutional privacy concerns require redaction of patient names and identifying information). See also Bondv. Messerman, 162 Md. App. 93, 120, 873 A.2d 417 (2005) aff'd on othergrounds 391 Md. 706, 895 A.2d 990 (2006) (noting that "medical records" for the purposes of the Maryland medical record privacy act encompasses records that relate to any care, treatment, or procedure made to diagnosis, evaluate, rehabilitate, manage, treat, or maintain a patient including the mental health records involved in the Messerman case);and State ex rel. Strothers v. Wertheim, 80 Ohio St.3d 155, 158, 684
N.E.2d 1239 (1997) (plurality opinion) (reiterating that under the Ohio Public Records Act, "medical records" must both pertain to a medical history, diagnosis, or condition and be generated and maintained in the process of medical treatments and concluding that records regarding allegations of abuse by staff members of County Juvenile Detention Facility were not medical records); and Howard v. Des Moines Register Tribune Co., 283 N.W.2d 289, 300 (Iowa, 1979) (plurality opinion) (stating that the exemption in the Iowa Freedom of Information Act for "hospital records" and *Page 5 
"medical records" of a "patient or former patient, including outpatient," did not apply to "county home" records in possession of the Governor's Office because the documents, which addressed the involuntary sterilization of the plaintiff, were neither compiled for diagnosis or treatment purposes by hospital or medical personnel, nor maintained as records of a hospital or physician), cert. denied 445 U.S. 904 (1980).
The information contained in the record you have enclosed does not mention any particular medical diagnosis. It does not specify any particular course of treatment for any medical condition. Bearing in mind the narrow construction afforded FOIA exemptions, I cannot state, that it is a "medical record" for purposes of the FOIA.[1] As a consequence, it is my opinion that your decision is inconsistent with the FOIA.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:ECW/cyh
[1] I will note here that even if the information did qualify as a "medical record" for purposes of the FOIA, the Act would not sanction the withholding of the entire document based upon the inclusion of some exempt information. See A.C.A. § 25-19-105(f) (requiring any reasonably segregable portion of a record to be provided after deletion of the exempt information). Although my predecessors have previously concluded that no portion of employee evaluation or job performance records are subject to disclosure where the test for release of those records hasnot been met (Ops. Att'y Gen. 2005-233 and 2004-012), where, as here, that test has been met, it may be necessary to redact information specifically shielded by separate exemptions in the FOIA. Again, however, in my opinion this information does not meet the definition of a "medical record" for purposes of the A.C.A. § 25-19-105(b)(2) exemption.