Glenn E. Kelley Attorney for NWACC
303 West Walnut Rogers, Arkansas 72756
Dear Mr. Kelley:
You have requested my opinion regarding the Arkansas Freedom of Information Act ("FOIA"). The basis for your request is A.C.A. § 25-19-105(c)(3)(B)(i) (Supp. 2009), which authorizes the custodian, requester, or the subject of personnel, employee evaluation, or job performance records to seek an opinion from this office stating whether the custodian's decision regarding the release of such records is consistent with the FOIA.
Your request includes a copy of the FOIA request and a copy of the document stating what you intend to release in response to the request. The two items the requestor seeks, along with your responses (in italics) are as follows:
 1. A list [stating] (i) all full-time NWACC[1]
employees whose employment was terminated between July 1, 2006 and June 1, 2010 and (ii) the reason for their termination.
 In response to your request . . . the following employees were terminated from employment by NWACC between July 1, 2006 and May 1, 2010, and there has been a final administrative resolution of the termination proceeding in each case [followed by a list of employees]. . . . NWACC does not maintain a list of employees that were terminated from employment that contains specific details of the reason for the *Page 2 termination. Furthermore, there is no obligation under the FOIA to create a new record by compiling or collecting information in the particular format requested by the person seeking access.
 2. A list of (i) all full-time employees who retired [during the above time period] (ii) stating "health reasons" or "the health of a family member" as their reason [for retiring].
 Pursuant to Ark. Code Ann. § 25-19-105(b)(2), medical records are exempt from disclosure under the FOIA. Furthermore, disclosure would constitute an unwarranted invasion of personal privacy pursuant to Ark. Code Ann. § 25-19-105(b)(12). Accordingly, NWACC has determined that a list of employees (who cited personal or family health and medical reasons for their resignation/retirement from employment) is exempt from disclosure under the FOIA.
You ask whether the reasons for your decisions and the decisions themselves are consistent with the FOIA.
RESPONSE
My statutory duty is to state whether the decision of the custodian of records is consistent with the FOIA. In my opinion, the conclusions you have reached about what to disclose are consistent with the FOIA. But one of the reasons for your decision on the second request is inconsistent with the FOIA, in my opinion.
DISCUSSION
A document must be disclosed in response to a FOIA request if all three of the following elements are met. First, the FOIA request must be directed to an entity subject to the act. Second, the requested document must constitute a public record. Third, no exceptions allow the document to be withheld.
You do not deny that you are an entity subject to the FOIA. And you do not deny that the requested documents are public records, or would be public records if they existed. In my opinion, both conclusions are consistent with the FOIA, thus, the first two elements appear met in this case. *Page 3 
As for the first element, the documents are held by a public entity. As for the second element, the FOIA defines "public records" as:
 writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.[2]
The records requested are public records, or would be public records if they existed, because they are (or would be) maintained by a public employee and they constitute (or would constitute) the performance or lack of performance of an official function.
Thus, the only remaining question is whether there are any exceptions that shield the requested documents from disclosure. But before turning to that question, I must assess your decision regarding the refusal to create a record in response to an FOIA request. You are correct that the custodian is not required to create a record in response to an FOIA request.[3] Both requests seek "lists" of information. You clearly indicate that the list sought in the first request does not exist. Accordingly, you do not have to create that list in response. Therefore, your decision with respect to the first request is consistent with the FOIA, in my opinion. The second request also seeks a "list," but it is unclear whether such a list already exists. If it does not exist, then your decision to reject the request is consistent with the FOIA for the same reason as your response to the first question. But if the list does exist, then we must address the exceptions you believe shield the document(s) from disclosure. *Page 4 
The FOIA provides two exemptions for items normally found in employees' personnel files.[4] For purposes of the FOIA, items in employees' files can usually be divided into two mutually exclusive groups: "personnel records"[5] or "employee evaluation or job performance records."[6] The test for whether these two types of documents may be released differs significantly. I will discuss the law regarding both exemptions, and then apply that law to your decision.
Personnel Records Exemption
If a document is a "personnel record," the document is open to public inspection and copying except "to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy."[7] The FOIA does not define the term "personnel records." Whether a particular record constitutes a "personnel record," within the meaning of the FOIA is, of course, a question of fact that can only be definitively determined by reviewing the record itself. However, the Attorney General has consistently taken the position that "personnel records" are all records *Page 5 
other than employee evaluation and job performance records that pertain to individual employees, former employees, or job applicants.[8]
The FOIA likewise does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. To determine whether the release of a personnel record would constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The test weighs the public's interest in accessing the records against the individual's interest in keeping the records private.[9] The balancing takes place with a thumb on the scale favoring disclosure. To aid in conducting the balancing test, the Arkansas Supreme Court elucidated a two-step approach. First, the custodian must assess whether the information contained in the requested document is of a personal or intimate nature such that it gives rise to greater thande minimus privacy interest.[10] If the privacy interest is merely de minimus, then the thumb on the scale favoring disclosure outweighs the privacy interest. Second, if the information does give rise to a greater than de minimus privacy interest, then the custodian must determine whether that interest is outweighed by the public's interest in disclosure.[11] Because the exceptions must be narrowly construed, the person resisting disclosure bears the burden of showing that, under the circumstances, his privacy interests outweigh the public's interests.[12] The fact that the subject of any such records may consider release of the records an unwarranted invasion of personal privacy is irrelevant to the analysis because the test is objective.[13]
Whether any particular personnel record's release would constitute a clearly unwarranted invasion of personal privacy is always a question of fact.[14] Several documents contained in personnel files are typically releasable under this standard, with appropriate redactions. I believe a current employee's job application, *Page 6 
employment history, and any background investigation that served as a basis for his hiring constitute "personnel records" under the standard set forth above. As previously noted in Op. Att'y Gen. 2007-278:
 Certain . . . employment-related records found in police personnel files are typically subject to release with any appropriate redactions. See, e.g., Op. Att'y Gen. Nos. 2005-268 (mentioning job application documents, resumes, documents evidencing completion of psychological examination; and personal history statements as being subject to release with appropriate redactions); and 2004-178 (discussing training files with scores redacted).
In contrast, some information typically found in an employee's personnel file is not subject to release under the FOIA. Some of items that must be redacted include: dates of birth of public employees (Op. 2007-064); social security numbers (Ops. 2006-035, 2003-153); medical information (Op. 2003-153); driver's license numbers (Op. 2007-025); insurance coverage (Op. 2004-167); tax information or withholding (Ops. 2005-194, 2003-385); payroll deductions (Op. 98-126); banking information (Op. 2005-195); unlisted telephone numbers (Op. 2005-114); home addresses of most public employees (A.C.A. § 25-19-105(b)(13)); personal e-mail addresses (Op. 2004-225); and marital status of employees and information about dependents (Op. 2001-080).
Employee Evaluation Exemption
The second potentially relevant exception is for "employee evaluation or job performance records," which the FOIA likewise does not define. But this office has consistently opined that the phrase refers to records that were created by (or at the behest of) the employer, and that detail the employee's performance or lack of performance on the job.[15] This exception includes records generated while investigating allegations of employee misconduct that detail incidents that gave rise to an allegation of misconduct.[16]
If a document meets the above definition, the documentcannot be released unless all the following elements have been met:
 1. The employee was suspended or terminated (i.e., level of discipline); *Page 7 
 2. There has been a final administrative resolution of the suspension or termination proceeding (i.e., finality);
 3. The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee (i.e., relevance); and
 4. The public has a compelling interest in the disclosure of the records in question (i.e., compelling interest).[17]
As for the final prong, the FOIA never defines the key phrase "compelling public interest." But two leading commentators on the FOIA, referring to this office's opinions on this issue, have offered the following guidelines:
 [I]t seems that the following factors should be considered in determining whether a compelling public interest is present: (1) the nature of the infraction that led to suspension or termination, with particular concern as to whether violations of the public trust or gross incompetence are involved; (2) the existence of a public controversy related to the agency and its employees; and (3) the employee's position within the agency. In short, a general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present. However, a link between a given public controversy, an agency associated with the controversy in a specific way, and an employee within the agency who commits a serious breach of public trust should be sufficient to satisfy the "compelling public interest" requirement.[18]
These commentators also note that "the status of the employee" or "his rank within the bureaucratic hierarchy" may be relevant in determining whether a "compelling public interest" exists.[19] *Page 8 
Whether there is a compelling public interest in particular records is a question of fact that must be determined in the first instance by the custodian of the records, considering all of the relevant information. Not having seen any of the records in question, I cannot assess this third prong.
In my opinion, any records relating to disciplinary actions or internal affairs investigations clearly fall within the category of employee evaluation/job performance records, subject to review under the standard discussed above. Given that I am not a finder of fact and have not been provided any of the records at issue, I am unable to opine regarding which documents, if any, are subject to disclosure. However, as a matter of law, disciplinary actions, if any, which did not result in suspension or termination, must be deemed exempt from release.
Application
Not having seen any records at issue, I cannot assess which records (if any) met either the definitions for personnel records or the employee evaluation records. Consequently, I cannot assess whether the test for the release of either record is definitively met. Given the nature of the second request (implying voluntary retirement or resignation), I assume none of the requested records count as employee evaluation records. If the record does exist, then it is likely a personnel record. As such, it must be disclosed unless doing so constitutes a clearly unwarranted invasion of personal privacy. Further, even if the record itself must be released under that test, if the record contains medical information, that information must be redacted, as stated above.
Both of these principles are directly relevant to the reasons you have refused to disclose such a list, if it exists. First, you claim that such a record counts as an undisclosable "medical record," as that term is understood in subsection 25-19-105(b)(2). Second, and alternatively, you claim that disclosing such a record would constitute a clearly unwarranted invasion of personal privacy. In my opinion, the former decision is probably inconsistent with the FOIA, but the latter is consistent with the FOIA.
The requested list does not bear the character of a "medical record" as that term is understood in subsection 25-19-105(b)(2). The FOIA does not define the term "medical records" and the Arkansas Supreme Court has not had occasion to interpret the term. This office has previously opined that the term "medical records" in the context of the FOIA "encompasses records which have a *Page 9 
relationship to the diagnosis or treatment of a medical condition."[20] Documents prepared by medical personnel for the purpose of diagnosing or treating an individual are clearly medical records.[21] The FOIA must be liberally construed in favor of disclosure, which means that all exemptions must be narrowly construed.[22] This office has repeatedly stated that the medical-records exemption requires more than mere inclusion on a document of some medically-connected information.[23] The exemption requires a relationship to diagnosis or treatment of a medical condition.[24] A list stating that a person resigned or retired "for health reasons" does not rise to the level contemplated by the medical-record exception, in my opinion.
Your other basis for refusing to disclose the list is that disclosing such a list constitutes a clearly unwarranted invasion of personal privacy. In my opinion, this is correct. As noted above, even in an otherwise releasable document, medical *Page 10 
information must be redacted, see Op. 2003-153. Accordingly, if the requested record is comprised of medical information, then afortiori, the release of that record constitutes a clearly unwarranted invasion of personal privacy. Under the balancing test explained above, the public has very little interest in whether a public employee resigned or retired due to health reasons pertaining to them or their loved ones, when there is no question about whether the health issue had any bearing on the employee's official functions.[25] Given the very high privacy interest the former employee has in that information, the privacy interest easily outweighs the public interest, in my opinion. Therefore, your decision refusing to release a list of former employees who resigned or retired for health reasons is consistent with the FOIA, in my opinion.
In summary, if the two requested lists do not exist, then your decision refusing to create them is consistent with the FOIA. If there is a list of former employees who resigned or retired for health reasons, then you are right to refuse to disclose it because doing so probably constitutes a clearly unwarranted invasion of personal privacy. But your alternative basis for non-disclosure — that the record qualifies for the medical-records exemption — is inconsistent with the FOIA, in my opinion.
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] NWACC stands for "Northwest Arkansas Community College."
[2] A.C.A. § 25-19-103(5)(A) (Supp. 2009).
[3] A.C.A. § 25-19-105(d)(2)(c): "A custodian is not required to compile information or create a record in response to a request made under this section."
[4] This office and the leading commentators on the FOIA have observed that personnel files usually include: employment applications; school transcripts; payroll-related documents such as information about reclassifications, promotions, or demotions; transfer records; health and life insurance forms; performance evaluations; recommendation letters; disciplinary-action records; requests for leave-without-pay; certificates of advanced training or education; and legal documents such as subpoenas. E.g., Op. Att'y Gen. 97-368; John J. Watkins Richard J. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT 187-89 (m m Press, 5th ed., 2009).
[5] A.C.A. 25-19-105(b)(12): This subsection states: "It is the specific intent of this section that the following shall not be deemed to be made open to the public under the provisions of this chapter . . . [p]ersonnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy."
This subsection states: "Notwithstanding subdivision (b)(12) of this section, all employee evaluation or job performance records, including preliminary notes and other materials, shall be open to public inspection only upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure."
[6] A.C.A. § 25-19-105(c)(1): "Notwithstanding subdivision (b)(12) of this section, all employee evaluation or job performance records, including preliminary notes and other materials, shall be open to public inspection only upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure."
[7] A.C.A. § 25-19-105(b)(12) (Supp. 2009).
[8] See, e.g., Op. Att'y Gen. No. 1999-147; Watkins Peltz, supra note 3, at 187.
[9] See Young v. Rice,308 Ark. 593, 826 S.W.2d 252 (1992).
[10] Id. at 598, 826 S.W.2d at 255.
[11] Id., 826 S.W.2d at 255.
[12] Stilley v. McBride,332 Ark. 306, 313, 965 S.W.2d 125, 128 (1998).
[13] E.g. Op. Att'y Gen. Nos. 2001-112, 2001-022, 94-198.
[14] Op. Att'y Gen. Nos. 2006-176, 2004-260, 2003-336, 2003-201, 98-001.
[15] Op. Att'y Gen. 2004-012 (and opinions cited therein).
[16] Id.
[17] A.C.A. § 25-19-105(c)(1) (Supp. 2009); Op. Att'y Gen. 2008-065.
[18] Watkins Peltz, supra
note 3, at 217-18 (footnotes omitted).
[19] Id. at 216 (noting that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.").
[20] Op. Att'y Gen. 96-203.
[21] Id.
[22] E.g., Op. Att'y Gen. 2007-026; Orsini v. State,340 Ark. 665, 670, 13 S.W.3d 167 (2000).
[23] E.g., Op. Att'y Gen. 2007-307.
[24] See, e.g., Arkansas DOH v. Westark ChristianAction, 322 Ark. 440, 910 S.W.2d 199 (1995) (Kearney, Special J., concurring, looking to the definition of "medical records" in Arkansas Rules of Evidence 503(a)(5), defined as "any writing, document, or electronically stored information pertaining to, or, created as a result of, treatment, diagnosis or examination of a patient"); Op. Att'y Gen. 2007-026 (Workers' Compensation Commission documents containing type-of-injury and body-part affected are not "medical records" for purposes of the FOIA); 2001-100 (autopsy records do not qualify as "medical records" for purposes of the25-19-105(b)(2) "medical records" exemption), 1991-208 (hospital billing statements that contain medical information are not "medical records" for purposes of the FOIA, but constitutional privacy concerns require redaction of patient names and identifying information); see also Bond v. Messerman,162 Md. App. 93, 120, 873 A.2d 417 (2005) (noting that "medical records" for the purposes of the Maryland medical-record privacy act encompasses records that relate to any care, treatment, or procedure made to diagnosis, evaluate, rehabilitate, manage, treat, or maintain a patient including the mental-health records involved in the Messerman case), State ex rel. Strothers v.Wertheim,80 Ohio St.3d 155, 158, 684 N.E.2d 1239 (1997) (plurality opinion) (reiterating that under the Ohio Public Records Act, "medical records" must both pertain to a medical history, diagnosis, or condition and be generated and maintained in the process of medical treatments and concluding that records regarding allegations of abuse by staff members of County Juvenile Detention Facility were not medical records).
[25] I have no reason to think that these people's health had any bearing on their official functions.