Mr. Vernon James Director of Human Resources City of Maumelle 55 Edgewood Drive, Suite 590 Maumelle, Arkansas 72113
Dear Mr. James:
I am writing in response to your request, made pursuant to A.C.A. § 25-19-105(c)(3)(B) (Repl. 2002 and Supp. 2007), for an opinion on whether your decision concerning the release of a Maumelle City Fire Chief's personnel file is consistent with the Arkansas Freedom of Information Act ("FOIA") . Specifically, you have enclosed a request from a Maumelle Fire Captain requesting the Chief's "FOI'able personnel file." You state that you notified the Chief of your "intent to comply," presumably meaning that you would release any information contained in the personnel file that is subject to release under the FOIA. You also report your decision to include, with the released records, a particular employee evaluation or job performance record concerning the Chief. You have enclosed that document for my review. You state that you have received a request from the Chief asking the City to request an Attorney General's opinion prior to releasing the information. You are "seeking an opinion from the Attorney General's office as to whether or not the City can release the information in [the Chief's] personnel file."
RESPONSE
My statutory duty under A.C.A. § 25-19-105(c)(3)(B)(i) is to state whether the decision of the custodian of the records is consistent with the FOIA. Having not reviewed all of the actual records in the personnel file, I cannot come to any definitive conclusions concerning the records in that file, or whether the proper redactions have been made thereto. I have set out the applicable test for making that determination below. In my opinion, however, your decision to release the *Page 2 
employee evaluation or job performance record you have enclosed for my review is apparently not consistent with the FOIA. Such records are only subject to inspection and copying under the FOIA if several conditions have been met. The submitted documents do not indicate that the test for release of such records has been met.
DISCUSSION
The FOIA provides for the disclosure upon request of certain "public records," which the Arkansas Code defines as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A) (Supp. 2005).
Given that the records are kept by the City, were written by city officials and pertain to a city employee, I believe the documents in question clearly qualify as "public records" under this definition.
As one of my predecessors noted in Op. Att'y Gen. 99-305: "If records fit within the definition of `public records' . . ., they are open to public inspection and copying under the FOIA except to the extent they are covered by a specific exemption in that Act or some other pertinent law." See also, Nabholz Construction v. Contractors for PublicProtection Association (Ark.Sup.Ct. 07-843, Nov. 1, 2007) (stating that "We have held that for a record to be subject to the FOIA and available to the public, it must be (1) possessed by an entity covered by the Act, (2) fall within the Act's definition of a public record, and (3) not be exempted by the Act or other statutes"). See also, ArkansasGazette Company v. Goodwin, *Page 3 304 Ark. 204, 801 S.W.2d 284 (1990); and Legislative Joint Auditing Comm.v. Woosley, 291 Ark. 89, 722 S.W.2d 581 (1987).
A "personnel file" of a public employee will typically include "personnel records" as well as "employee evaluations or job performance records" for purposes of the FOIA. See, e.g., Op. Att'y Gen. 2005-011. Different tests for the release of records apply to these two categories. Custodians should ensure the proper classification of each document within the personnel file in order to apply the proper test relating to each category of record. While I am unable to reach a definitive answer concerning all of the records in the personnel file, I will set forth the applicable test that should be considered in these circumstances.
Personnel Records
Although the FOIA does not define the term "personnel records," as used therein, this office has consistently taken the position that "personnel records" are any records other than employee evaluation/job performance records that relate to the individual employee. Op. Att'y Gen. 2006-071. Personnel records must be released unless their disclosure would constitute a "clearly unwarranted invasion of [the employee's] personal privacy." A.C.A. § 25-19-105(b)(12). The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private.See Young v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992).
If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy." The court in Young noted the following in this regard:
 The fact that section 25-19-105(b)(10) [now subsection 105(b)(12)] exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain `warranted' privacy invasions will be tolerated. Thus, section 25-19-105(b)[(12)] requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section 25-19-105 *Page 4 
(b)[(12)] allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interests and disclosure will be favored.
Young, 308 Ark. at 598.
If there is little public interest in information, however, the privacy interest will prevail if it is not insubstantial. See Stilley v.McBride, 332 Ark. 306, 965 S.W.2d 125 (1998). Additionally, given that exemptions from disclosure must be narrowly construed, see, e.g., Orsiniv. State, 340 Ark. 665, 13 S.W.3d 167 (2000), it is the burden of an individual resisting disclosure to establish that his "privacy interests outweighed that of the public's under the circumstances presented."Stilley, supra, 332 Ark. at 313.
Because I have not reviewed the bulk of the documents responsive to the request, I cannot determine whether they are properly classified as "personnel records," or offer a definitive opinion as to their exempt status. In Op. Att'y Gen. 2006-048, my immediate predecessor listed a number of documents that were subject to release under the above test for personnel records. He enumerated items that are typically subject to release as including: public employees' names, dates of hire, job titles and salaries; amounts paid for accrued leave; education backgrounds, including schools attended and degrees received; work histories; work e-mail addresses; attendance and leave records; payroll forms documenting leaves of absence; documents related to any compensation a former employee receives in addition to their regular paycheck; contracts or agreements related to an employee's separation from employment; internal affairs notification documents; notice of personnel action; job applications; resumes, including references; and letters of recommendation.
On the other hand, my predecessor concluded, and I agree, that the public generally has little interest in the personal details of the following information: insurance coverage; tax information or withholding; payroll deductions; banking information; marital status of employees and information about dependents; personal e-mail addresses; unlisted telephone numbers; social security numbers; and date of birth. My predecessor also noted the specific exceptions for state income tax records (A.C.A. § 25-19-105(b)(1) (Supp. 2005)). He also mentioned photocopies of drivers' licenses and social security cards as being exempt. Id. at 4. *Page 5 
Again, having not reviewed the records in question, I cannot address all of the potential items that might need to be redacted under the "personnel records" exemption. The custodian of the records must review each document and make the initial determination as to whether it is subject to release under this test and whether any appropriate redactions are required.
Employee evaluation or job performance records
With regard to "employee evaluation or job performance records," again, the FOIA does not define this term, nor has the phrase been construed by the Arkansas Supreme Court. This office has consistently taken the position that any records that were created by or at the behest of the employer and that detail the performance or lack of performance of the employee in question with regard to a specific incident or incidents are properly classified as employee evaluation or job performance records. See, e.g., Ops. Att'y Gen. 2006-038; 2006-035; 2005-030; 2004-211; 2003-073; 98-006; 97-222; 95-351; 94-306; and 93-055. The record must also have been created for the purpose of evaluating an employee. See, e.g., Op. Att'y Gen. 2006-038; and 2004-012. The exemption promotes candor in a supervisor's evaluation of an employee's performance with a view toward correcting any deficiencies. See J. Watkins R. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT (m m Press, 4th ed. 2004) at 196.
In my opinion, documents created by or at the behest of supervisors such as written reprimands and letters of caution, documents supporting a recommendation for suspension or dismissal, letters related to promotions and demotions, and records that were generated as part of an investigation of allegations of the misconduct and that detail incidents that gave rise to such allegations generally fall within the category of "employee evaluations or job performance records." See, e.g., Ops. Att'y Gen. 2006-035; 2003-078; 2001-203; 99-147; 93-105; 93-055; 92-231; and 91-324.
"Employee evaluation or job performance records" are releasable only if the following three conditions have been met:
 1. There has been a final administrative resolution of any suspension or termination proceeding; *Page 6 
 2. The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 3. There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1). Employee evaluation or job performance records cannot be released unless each prong of this test has been met.
In my opinion the one document you have enclosed for my review is properly categorized as an "employee evaluation or job performance record" for purposes of the FOIA. I am not in receipt of any information, however, to indicate that there has been any suspension or termination of the employee in question, such that this employee evaluation or job performance record would be subject to disclosure. Suspension or termination is a threshold requirement for release of such records under the FOIA. Op. Att'y Gen. 2008-078; 2008-044; 2008-010; 2007-025; 2006-150; 2005-267; 2001-125; and 97-189. In my opinion, therefore, your decision with regard to this document is notconsistent with the FOIA.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL, Attorney General *Page 1