Mr. Andy Davis, Staff Writer Arkansas Democrat-Gazette Capitol and Scott Streets Post Office Box 2221 Little Rock, Arkansas 72203-2221
Dear Mr. Davis:
I am writing in response to your request, made pursuant to the Arkansas Freedom of Information Act ("FOIA").[1] You seek my opinion regarding the propriety of the decision by the custodian of records to withhold from disclosure records in the possession of the Arkansas Department of Workforce Services. The decision was in response to your request for the following records relating to the hiring of a former employee:
 This is a formal request to inspect and make copies of personnel records related to Shawanna Nelson Lumsey, a former research analyst at the Department of Workforce Services. Specifically, I request her resume, application and any other materials, including emails, letters, memos or other correspondence, related to her hiring.
The custodian declined this request, citing A.C.A. § 25-19-105(c)(1) (Supp. 2009), the exemption applicable to "employee evaluation or job performance records." *Page 2 
The FOIA provides that "[e]ither the custodian, requester, or the subject of the records may immediately seek an opinion from the Attorney General, who, within three (3) working days of receipt of the request, shall issue an opinion stating whether the decision [in response to a request for personnel or evaluation records] is consistent with this chapter."[2]
RESPONSE
Because I have not seen the actual records in question, I am unable to opine conclusively as to the release of any particular documents. I can and will state generally, however, that in my opinion the custodian has in all likelihood incorrectly determined that the exemption for "employee evaluation or job performance records," A.C.A. § 25-19-105(c)(1), applies to the records that have been requested in this instance.
The FOIA provides for the disclosure upon request of certain "public records," which the Arkansas Code defines as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.[3]
Given that the records in question are in the possession of the Department of Workforce Services and pertain to the hiring of an agency employee, I believe they clearly qualify as "public records" under this definition. Accordingly, they can only be withheld if an exception prohibits their disclosure. As one of my *Page 3 
predecessors noted: "If records fit within the definition of `public records' . . ., they are open to public inspection and copying under the FOIA except to the extent they are covered by a specific exemption in that Act or some other pertinent law."[4]
Records pertaining to public employees will typically include "personnel records" as well as "employee evaluations or job performance records" for purposes of the FOIA.[5] It will be important for the custodian of the records to distinguish between the two, because their release is governed by different standards. With regard to "personnel records," although the FOIA does not define this term, this office has consistently taken the position that "personnel records" are any records other than employee evaluation/job performance records that relate to the individual employee.[6] Personnel records must be released unless their disclosure would constitute a "clearly unwarranted invasion of [the employee's] personal privacy."[7]
The FOIA likewise does not define "employee evaluation or job performance records."[8] Nor has the phrase been construed by the Arkansas Supreme Court. This office has consistently taken the position, however, that records created by or at the behest of the employer and that detail the performance or lack of performance of the employee in question with regard to a specific incident or incidents are properly classified as employee evaluation or job performance records.[9] The record must also have been created for the purpose of evaluating an employee, according to numerous opinions of this office.[10] "Employee evaluation *Page 4 
or job performance records" are releasable only if the following three conditions have been met:
 1. There has been a final administrative resolution of any suspension or termination proceeding;
 2. The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 3. There is a compelling public interest in the disclosure of the records in question.[11]
The evaluation and job performance exemption promotes candor in a supervisor's evaluation of an employee's performance with a view toward correcting any deficiencies.[12] It has therefore been opined that "[d]ocuments not created in the evaluation process do not come within the rationale behind the25-19-105(c)(1) exemption."[13]
Turning to the FOIA request at issue, I believe it is clear that a resume, a job application, and other material related to the hiring of an employee are not created in the evaluation process. Consequently, it is my opinion that records of this sort are not covered by A.C.A. § 25-19-105(c)(1), as that provision has long been viewed by this office. To the extent, therefore, that the custodian has denied the FOIA request at hand based on this subsection pertaining to "employee evaluation or job performance records," such denial is in my opinion inconsistent with the FOIA. The records instead likely constitute "personnel records" according to this office's historical view of that term, although it is possible that some of the records either fall within no exemption or are covered by another specific exemption, such as subsection 25-19-105(b)(1) (state income tax records),25-19-105(b)(2) (medical records), and/or25-19-105(b)(13) (home addresses). *Page 5 
With regard to "personnel records," as noted above, such records are subject to release except to the extent disclosure would constitute a "clearly unwarranted invasion of [the employee's] personal privacy." The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." The Arkansas Supreme Court has construed the phrase, however, and has applied a balancing test that requires weighing the interest of the public in accessing the records against the individual's interest in keeping the records private.[14] If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy." The court inYoung noted the following in this regard:
 The fact that section 25-19-105(b)(10) [now subsection 105(b)(12)] exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain `warranted' privacy invasions will be tolerated. Thus, section 25-19-105(b)(10) requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section 25-19-105(b)(10) allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interests and disclosure will be favored.[15]
If there is little public interest in information, however, the privacy interest will prevail if it is not insubstantial.[16]
Additionally, given that exemptions from disclosure must be narrowly construed, [17] it is the burden of an individual resisting disclosure to establish that his "privacy interests outweighed that of the public's under the circumstances presented."[18] *Page 6 
Because I have not reviewed any of the specific documents at issue, I cannot offer a definitive opinion as to their release. In Op. Att'y Gen. 2006-048, one of my predecessors listed a number of documents that were subject to release under the above test for personnel records. He enumerated items that are typically subject to release as including: public employees' names, dates of hire, job titles and salaries; amounts paid for accrued leave; education backgrounds, including schools attended and degrees received; work histories; work e-mail addresses; listed telephone numbers, assuming there is no heightened privacy interest; attendance and leave records; payroll forms documenting leaves of absence; documents related to any compensation a former employee receives in addition to their regular paycheck; contracts or agreements related to an employee's separation from employment; internal affairs notification documents; notice of personnel action; job applications; resumes, including references; and letters of recommendation.
On the other hand, my predecessor concluded, and I agree, that the public generally has little interest in the personal details of the following information: insurance coverage; tax information or withholding; payroll deductions; banking information; marital status of employees and information about dependents; personal e-mail addresses; unlisted telephone numbers; social security numbers; and date of birth. My predecessor also noted the specific exceptions for state income tax records (A.C.A. § 25-19-105(b)(1) (Supp. 2005)) and home addresses of non-elected state, municipal and county employees (A.C.A. § 25-19-105(b)(13)). He also mentioned photocopies of drivers' licenses and social security cards as being exempt.[19]
Again, I cannot address all of the potential items that might need to be redacted under the "personnel records" exemption, or some other exemption (other than the exemption for "employee evaluation or job performance records" which, as stated above, is inapplicable, in my opinion). The custodian of the records must review each document to determine whether it is subject to release and whether any redactions are required. *Page 7 
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] A.C.A. §§ 25-19-101 — 109 (Repl. 2002 and Supp. 2009).
[2] A.C.A. § 25-19-105(c)(3)(B)(i) (Supp. 2009).
[3] A.C.A. § 25-19-103(5)(A) (Supp. 2009).
[4] Op. Att'y Gen. 99-305.
[5] See, e.g., Op. Att'y Gen. 2005-011.
[6] See Op. Att'y Gen. 2006-071.
[7] A.C.A. § 25-19-105(b)(12) (Supp. 2009).
[8] Id. at (c)(1).
[9] E.g., Op. Att'y Gen. Nos. 2006-038; 2006-035; 2005-030; 2004-211; 2003-073; 98-006; 97-222; 95-351; 94-306; 93-055.
[10] See Op. Att'y Gen. Nos. 2006-038 and 2004-012.
[11] A.C.A. § 25-19-105(c)(1).
[12] See John J. Watkins Richard J. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT 204 (5th ed., Arkansas Law Press, 2009).
[13] Op. Att'y Gen. 2005-267, citing Op. Att'y Gen. 2005-094.
[14] See Young v. Rice,308 Ark. 593, 826 S.W.2d 252 (1992).
[15] 308 Ark. at 598.
[16] See Stilley v. McBride,332 Ark. 306, 965 S.W.2d 125 (1998).
[17] See, e.g., Orsini v. State,340 Ark. 665, 13 S.W.3d 167 (2000).
[18] Stilley, supra, 332 Ark. at 313.
[19] Op. 2006-048 at 4. *Page 1